CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 28 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WANDA B. DUNN, | CASE NO. 3:08CV00033 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 4, 2001 application for period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

On February 28, 2003, an Administrative Law Judge (Law Judge) found plaintiff retained the residual functional capacity ("RFC") to perform light exertional work, which did not preclude her from returning to her past relevant work as a receptionist and as a records coordinator. (R. 27, 29.) Thus, he found that plaintiff was not disabled under the Act. (R. 29-30)

Plaintiff appealed the Law Judge's February 28, 2003 decision to the Appeals Council,

which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 6-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner.

Plaintiff appealed the Commissioner's decision to the United States District Court for the Western District of Virginia. *See Dunn v. Barnhart*, Civil Action No. 3:04CV00030. On December 30, 2004, the case was remanded for further proceedings. (R. 410, 424-425.) Plaintiff had a second hearing before a Law Judge on August 30, 2005. (R. 410, 573-615.)

On June 15, 2006, a Law Judge found that plaintiff had not engaged in substantial gainful activity since her amended alleged disability onset date, October 1, 2001[1], and that she was insured for benefits through the date of his decision. (R. 411, 417.) The Law Judge further found that the following were severe impairments: degenerative disc disease of the cervical spine, status post cervical fusion at C5-6, mild carpel tunnel syndrome, moderate depression and fibromyalgia. (R. 417.) However, the Law Judge determined that viewed individually or in combination with her other impairments, these conditions were not severe enough to meet or equal any listed impairment. (R. 414, 417.) The Law Judge was of the view that plaintiff was "not completely credible," and that she retained the RFC to perform light and sedentary exertional work which does not require the continuous use of her hands. (R. 415-416.) The Law Judge found that this RFC did not preclude plaintiff from returning to her past relevant work as a receptionist. (R. 416.) Thus, he ultimately found that plaintiff was not disabled under the Act. (R. 416-417.)

---

[1] Plaintiff initially alleged a disability onset date of May 1, 2001, but she subsequently amended the date to October 1, 2001. (R. 411.)

2

Plaintiff appealed the Law Judge's June 15, 2006 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 401-403.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Following a thorough review of the voluminous record, the undersigned developed some fundamental concerns about the Law Judge's findings related to plaintiff's ability to use her hands. Thus, the undersigned *sua sponte* raised these concerns and afforded the parties time to supplement their briefs to support their respective positions on the issue. Oral argument was held before the undersigned on June 29, 2009.

In her supplemental brief, plaintiff argues that the Law Judge erred in finding that she can return to her past relevant work as a receptionist. (Pl's Supp. Brief, pp. 2-6.) Specifically, plaintiff contends that the Law Judge's finding that she can use her hands so long as it is not "continuous" is inconsistent with the Law Judge's own statements. (Pl's Supp. Brief, p. 3.) Moreover, plaintiff argues that the terms "constant," "continuous," and "repetitive" were used by

3

the VE and the Law Judge without properly defining these terms. (Pl's Supp. Brief, pp. 3-4.) The undersigned agrees and concludes that the Law Judge's finding that plaintiff can return to her past relevant work as a receptionist is not supported by substantial evidence.

At step four in the sequential evaluation the Law Judge found that plaintiff could perform light and sedentary exertional work which "does not require continuous use of the hands." (R. 417.) The Law Judge determined that this RFC did not preclude plaintiff from performing her past relevant work as a receptionist. Yet, plaintiff's capacity to work with her hands is left unclear on the record before the Law Judge. The terms "continuous," "repetitive," and "constantly" were used to describe her capacity to use her hands. The Dictionary of Occupational Titles ("DOT") only defines the term "constantly,"[2] whereas the terms "continuous" and "repetitive" are not found in the DOT. Morever, these terms never were defined by the VE who testified at the hearing.

Plaintiff's capacity to work with her hands remains cloudy in view of the Law Judge's hearing statements which appear to conflict with his finding that plaintiff can do work which "does not require continuous use of the hands." For example, the Law Judge conceded, "But I don't have any problems with the fact that this lady can't use her hands, you know, most of the day." (R. 614.) The Law Judge further still said, "Well, I don't disagree with the fact that she can't do . . . data entry work or use her hands . . . all the time. I mean, I'm on board with that." (R. 612.) These statements cannot be squared with his findings, and this renders the final decision unsupported by substantial evidence.

---

[2] The DOT defines the term "constantly" as an "activity or condition which exists 2/3 or more of the time." Dictionary of Occupational Titles, Appendix C.

4

In summary, the record is unclear as to plaintiff's capacity to work with her hands and perform her PRW, much less any substantial gainful activity. While there is a great temptation to enter final judgment for plaintiff because of the Commissioner's clear failure to recognize and clarify these factual issues on administrative appeal, the better practice is to remand the case so these factual inconsistencies may be resolved. Therefore, it is RECOMMENDED the court enter an Order GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

7-28-09
Date

5

Case 3:08-cv-00033-NKM-BWC   Document 29   Filed 07/28/09   Page 5 of 5   Pageid#: 128